IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLC ON-THE-GO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-1762 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MOON WELLNESS TOWNSHIP HEALTH & REHAB , *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Plaintiff's Motion for Summary Judgment (Doc. 50) will be granted.

**A. Background**

The factual and procedural history of this case is well-known to the parties, and the Court will not repeat it in detail here. Generally, Plaintiff brought this matter against Defendants asserting claims for breach of contract or, in the alternative, unjust enrichment, arising from Defendants' failure to pay for healthcare personnel staffing services that Plaintiff provided pursuant to a March 24, 2023 Staffing Services Agreement ("Agreement"). *See* Complaint (Doc. 1; Pl. App'x (Doc. 53) Ex. A (copy of Agreement). It is undisputed that both parties entered the Agreement and that Defendants accepted the services Plaintiff provided under the Agreement from March 24, 2023 until September 9, 2023. *See* Pl. App'x Ex. B (Defendants' Responses to Requests for Admissions); Def. Resp. to Pl. Concise Stat. of Mat. Facts (Doc. 57) ¶ 6. As set

forth more fully in Section 7 of the Agreement, Defendants agreed to pay Plaintiff for charges and personnel that Plaintiff supplied to Defendants at specified rates. *See* Agreement at 2, 7.[1]

Plaintiff contends that Defendants stopped making payments on the invoices beginning June 10, 2023 and continuing through September 15, 2023, when the final unpaid invoice was issued. *See* Pl. App'x Ex. C at 90-93. Plaintiff states that the unpaid balance on Defendants' account totals $301,110.69 and that, as of the date of the instant Motion, $4,929.92 in interest had accrued. *See* Pl. Br. Supp. (Doc. 52) at 3 (citing Pl. App'x Ex. C).[2] Plaintiff seeks recovery of these amounts plus additional interest and attorneys' fees. *See* id. at 3-4.

### B. Analysis

1. Undisputed Claims

As an initial matter, Plaintiff's Motion largely is undisputed. Specifically, with one exception, Defendants admit non-payment of the invoices at issue and do not contest that payment of the same is owed to Plaintiff. *See* Def. Resp. to Pl. Concise Stat. of Mat. Facts ¶¶ 9-23; Def. Br. Opp. (Doc. 56) at 3-4. Accordingly, summary judgment is appropriate as to the undisputed amounts, and Plaintiff's Motion is granted to that extent.

2. Invoice 48053

During the time period at issue, Defendants disputed one invoice in the amount of

---

[1] Exhibit C to Plaintiff's Appendix contains copies of the invoices that Plaintiff sent Defendants for the provided staffing services. Defendants' corporate designee testified that the copies are accurate representations of the invoices Defendants received. *See* Abraham Pechman Deposition (Doc. 53, Ex. E) ("Pechman Dep.") at 52:21-25; Def. Resp. to Pl. Concise Stat. of Mat. Facts ¶¶ 9-10.

[2] The Agreement states that "Invoices will be sent on a weekly basis and full payment shall be received within fifteen (15) days of the invoice date. Additionally, past due balances shall be increased 1.5% per month interest on the outstanding balance until paid in full." Agreement Ex. A.

2

$14,358.00 for the week ending June 17, 2023 ("Invoice 48053").  *See* Pl. App'x Ex. D (e-mail chain regarding dispute); Def. Resp. to Pl. Concise Stat. of Mat. Facts ¶¶ 17-23.  Defendants contend that this disputed invoice presents a genuine issue of material fact unsuitable for resolution on summary judgment.  Defendants' argument is without merit.

The language of the Agreement is plain.  Section 7 of the Agreement addresses compensation and time records and states as follows:

> Contractor shall compensate GLC for its services in accordance with the schedule set forth in Exhibit "A."  For the purpose of compensation, GLC shall submit documentation in the form of time records for the services provided to Contractor.  The contractor, or its authorized representative, shall be responsible for timely verifying that the time records are accurate.  If there is any dispute as to the accuracy or obligation to pay based on the submitted time records, Contractor shall provide in writing the details of such dispute within 14 days of its receipt of such time records.  The writing shall be sufficient to identify the respective Staff, dates, hours and matters in dispute, the reason Contractor believes the records are inaccurate and what the Contractor believes to be accurate information, plus any proof.  If no such writing in sufficient detail is timely provided to GLC, then the Contractor waives its right to dispute the respective time records and obligation to pay for the same, and those time records shall be deemed accurate with payment due without reduction or set-off.  Any portion of the invoice that has not been timely and properly disputed shall be timely paid.  The portion subject to timely and proper dispute may be withheld subject to the terms of this Agreement.  If the parties are unable to resolve a timely dispute within 30 days of the dispute notice, the Contractor shall pay such amount "under dispute" and the parties shall continue to work to resolve the disputed matter, and the Contractor does not waive its timely raised disputed facts.

Agreement § 7.  It is undisputed that Plaintiff issued Invoice 48053 to Defendants in accordance with the terms of the Agreement.  *See* Def. Resp. to Pl. Concise Stat. of Mat. Facts ¶ 9.  Invoice 48053 is identical in form to the undisputed invoices and lists time records for each healthcare professional for the week at issue.  *See* Pl. App'x Ex. C.  The invoice does not contain any obvious mathematical errors and the rates charged are consistent with those set forth in the Agreement.  *See* id.[3]  The email exchange contained in Plaintiff's Appendix indicates that

---

[3] Page seven of the Agreement sets forth the uncontested rates for the services provided.  *See* Agreement at 7; *see also* Def. Resp. to Pl. Concise Stat. of Mat. Facts ¶ 8.

3

Plaintiff emailed the invoice to Yaron Garcia, the responsible accounts payable associate for Defendants, no later than June 26, 2023.  *See* Pl. App'x Ex. D; *see also* id. Ex. E (Pechman Dep.) at 35:5-25.

In contrast, there is no record evidence indicating that Defendants complied with their obligations under Section 7.  To start, there is no evidence that Defendants notified Plaintiff within 14 days that it disputed the invoice as the Agreement requires to avoid waiver.  Rather, the only documentary evidence – the aforementioned email string – indicates that Mr. Garcia replied to Plaintiff's June 26, 2023 email on August 29, 2003, over two months later, asking Plaintiff to "please see attached corrections" to Invoice 48053.  *See* id. Ex. D.  Mr. Garcia sent a second email on September 18, 2023, following up on the same.  *See* id.  On September 19, 2023, Plaintiff responded to Mr. Garcia's email indicating, *inter alia*, that Plaintiff had replied to the August 29 email within one day providing support documentation for the disputed time.  *See* id.  There is no record evidence indicating that Defendants took any further action to pursue the dispute between receiving Plaintiff's September 19, 2023 email and the filing of this lawsuit.  Substantively, Defendants have failed to point to any record evidence whatsoever supporting their conclusory assertions that Invoice 48053 was inaccurate.  Even if Defendants had timely disputed the time records at issue, and supplied sufficient proof of the same, they failed to pay the amount at issue to Plaintiff "under dispute" after thirty days, while the parties worked to resolve any disagreement as required by Section 7.

In short, Plaintiff, as the moving party, has provided sufficient record evidence to support its breach of contract claim as to Invoice 48053 and to demonstrate the absence of genuine issues

4

of material fact that would preclude summary judgment on this issue.[4]  In contrast, Defendants' response fails to present even a scintilla of evidence supporting their conclusory assertions to the contrary.  A "disputed invoice" under the Agreement is not equivalent to a "disputed fact" for purposes of summary judgment absent proper evidentiary support.  The Rule 56 standard is clear – bare allegations or bald assertions alone are insufficient to create a factual dispute that will thwart a summary judgment motion.  *See* Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

For all of these reasons, Plaintiff's Motion for Summary Judgment as to its breach of contract claim will be granted in its entirety.

3. Proper Defendant(s)

The parties also disagree as to the proper party defendants.  Specifically, Defendants take issue with the fact that the Complaint names "Moon Wellness and Rehab" and "Coraopolis Rehabilitation Center and Wellness Center LLC d/b/a Moon Township Rehabilitation and Wellness Center a/k/a Moon Wellness and Rehab" as separate parties.  *See* Def. Opp. Br. (Doc. 56) at 3.  Defendants contend that "Moon Wellness and Rehab" is merely the d/b/a of "Coraopolis Rehabilitation Center and Wellness Center LLC" and, therefore, is not properly an independent defendant in this case.  *See* id. and Ex. A (Doc. 57-1).  In so arguing, "Coraopolis

---

[4] Plaintiff correctly recites the elements of a breach of contract claim under Pennsylvania law: (1) the existence of a contract and its essential terms; (2) a breach of duty imposed by the contract; and (3) damages.  *See* Pl. Mot. ¶ 29 (citing Cook v. Gen. Nutrition Corp., 749 F. App'x 126, 129 (3d Cir. 2018); Kaymark v. Bank of Am., 783 F.3d 168, 182 (3d Cir. 2015)).  Although Section 32 of the Agreement provides that Florida law should govern any disputes thereunder, the parties have not argued that Florida law applies.  Nevertheless, the elements of a breach of contract claim under Florida law are the same.  *See, e.g.*, Molina v. Aurora Loan Servs., LLC, 710 F. App'x 837, 839 (11th Cir. 2017) (citing Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009)).

Rehabilitation Center and Wellness Center LLC" does not attempt to disclaim liability for the actions of "Moon Wellness and Rehab." It simply objects to the redundancy.

This dispute is no more than an exercise in semantics and elevates form over function. Although Plaintiff mildly protests that "Moon Wellness and Rehab" is a proper defendant because it is named as a party to the Agreement, it does not meaningfully dispute that the two Defendants are the same legal entity. *See* Pl. Reply Br. (**Doc. 58**) at 1-4 (citing Pechman Dep. at 12:1-5 and 55:12-21). Because all evidence supports this latter conclusion, the Court clarifies for the record that the proper Defendant in this case, and the party that is liable to Plaintiff under the Agreement, is "Coraopolis Rehabilitation Center and Wellness Center LLC d/b/a Moon Township Rehabilitation and Wellness Center a/k/a Moon Wellness and Rehab."

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Plaintiff's Motion for Summary Judgment (**Doc. 50**) is **GRANTED**. Judgment shall be entered in favor of GLC On-The-Go, Inc., and against Coraopolis Rehabilitation Center and Wellness Center LLC d/b/a Moon Township Rehabilitation and Wellness Center a/k/a Moon Wellness and Rehab, in the amount of $301,110.69 in principal, plus contractual interest and attorneys' fees.

IT IS SO ORDERED.

June 18, 2025                                          s/Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record